## H. PARKER v. STATE.

No. A-4925.    Opinion Filed July 15, 1925.
(235 Pac. 224.)

M. D. Hartsell, for plaintiff in error.

George F. Short, Atty. Gen., and Charles Hill Johns, Asst. Atty. Gen., for the State.

DOYLE, J. In the information in this case H. Parker was charged with unlawfully transporting four one-half pints of whisky from a point unknown in Muskogee county to a point on the picnic grounds 2½ miles south of Haskell. On the trial the jury returned the following verdict:

"We, the jury in the above-entitled action, duly impaneled and sworn upon our oaths, find the defendant, H. Parker, guilty as charged in the information herein, and ask the court to fix the punishment." Signed by five jurors.

Which verdict was received over the objection of counsel for the defendant. The court rendered judgment, and sentenced the defendant to be confined in the county jail for 90 days, and to pay a fine of $250, together with the costs of the amount of $35. To reverse the judgment he appeals.

The state introduced but one witness, Gus Whittaker, deputy sheriff, who testified that he met the defendant about 50 feet from Jefferson Highway, and threw his flashlight on him, and found two half pints of whisky in his jumper and two in his overalls.

The state rested, and the defendant moved the court to direct a verdict of not guilty for the reason there is a fatal variance between the information and proof, and the further reason the testimony is entirely insufficient "upon which to predicate a verdict of guilty." The motion was overruled.

H. Parker, the defendant, testified that he lived in Haskell for the past five years, doing transfer work and that day had been hauling people from the town to the picnic grounds; that he bought four half pints of whisky from Warren Preston, who lives on Cane Creek, and told him where to put it, and he would get it when he got ready to go home; that he left the picnic ground and went to where it was and picked up three half pints and put them in his pockets, and had started to drink out of the other one when Gus Whittaker threw a searchlight on him, and arrested him.

A number of errors are assigned and argued, but, in view of the fact that the defendant's testimony shows

that he directed the man from whom he claims he bought the whisky to convey it to the place where the defendant picked it up, thus admitting his guilt, it is only necessary to notice the assignment that the court erred in overruling the defendant's objection to receiving the verdict in the form returned.

Our code of criminal procedure provides that in all cases of a verdict of ·conviction the jury may, and shall, upon the request of the defendant, assess and declare the punishment in their verdict within the limitations fixed by law (section 2750, C. S. 1921) ; and further provides:

"If the jury render a verdict not in form, the court may, with proper instructions as to the law, direct them to reconsider it." Section 2743.

Under the statute, if the defendant request it, the jury must assess the punishment, or say by their verdict that they are unable to agree upon the punishment. Oelke v. State, 10 Okla. Cr. 49, 133 P. 1140.

We think it was the duty of the court to require the jury to render a formal verdict showing that they were unable to agree upon the punishment, and for this reason the judgment and sentence of the trial court will be modified to a fine of $50 and confinement in jail for 30 days. Thus modified, the judgment of the lower court is affirmed.

BESSEY, P. J., and EDWARDS, J., concur.